UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-01418-DMG (OP) | Date | March 26, 2013 |
|---|---|---|---|
| Title | Deshawn Leslie v. Barack Obama, U.S. President, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| Maynor Galvez | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     **IN CHAMBERS:   ORDER TO SHOW CAUSE**

On February 27, 2013, Deshawn Leslie ("Petitioner") filed a request for a sixty day extension of time to file a petition, which the Court construed as a request for additional time to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 7, 2013, the Court granted Petitioner until April 4, 2012, to file a § 2254 petition. The Court admonished Petitioner that his "failure to do so shall result in the Court recommending that this action be dismissed and/or administratively closed for failure to prosecute and/or failure to comply with a court order." (ECF No. 4.)

On March 22, 2013, Petitioner filed a "Petition for Independence and American Sovereignty" in which he seeks to form his own nation, "the new 197th Nation, The United Independence of Sovereignty Nation." (ECF No. 5.)

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The habeas corpus petition is the proper action for State prisoners who challenge state court convictions, state court sentences, or other matters affecting the length of state prison confinement. See 28 U.S.C. §§ 2241, 2254. "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01418-DMG (OP) | Date | **March 26, 2013** |
|---|---|---|---|
| Title | **Deshawn Leslie v. Barack Obama, U.S. President, et al.** | | |

traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Burnett v. Lampert, 432 F. 3d 996, 999 (9th Cir. 2005).

The Supreme Court has held that a federal court has the discretion to construe a mislabeled habeas corpus petition which seeks relief from the conditions of confinement as a civil rights action and permit the action to proceed. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action).

However, the court should not convert a § 1983 action into a habeas petition, unless the intent to bring a habeas petition is clear. Trimble v. City of Santa Rosa, 49 F.3d 583, 585-86 (9th Cir. 1995). Moreover, a court should not consolidate a habeas petition with a civil rights action because of, inter alia, the inherent risk of confusion of issues. Malone v. Calderon, 165 F. 3d 1234, 1236-37 (9th Cir. 1963).

In his "Petition for Independence and American Sovereignty," Petitioner does not seek for to challenge a state court conviction, a state court sentence, or any other matter affecting the length of state prison confinement. See 28 U.S.C. §§ 2241, 2254. Nor does he seek relief from the conditions of his confinement under 42 U.S.C. § 1983. Rather, he seeks to form his own nation, "the new 197th Nation, The United Independence of Sovereignty Nation." (ECF No. 5.) The Court is unaware of any authority, nor has Petitioner provided any authority, that would entitle Petitioner to any form of relief.

Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed. If Petitioner seeks to challenge a state court conviction, he shall file a habeas corpus petition pursuant to 28 U.S.C. § 2254 no later than April 26, 2013. If Petitioner seek relief from conditions of confinement, he shall file a civil rights complaint pursuant to 42 U.S.C. § 1983 no later than April 26, 2013. Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01418-DMG (OP)** | Date | **March 26, 2013** |
|---|---|---|---|
| Title | **Deshawn Leslie v. Barack Obama, U.S. President, et al.** | | |

The Deputy Clerk of the Court is directed to send Petitioner a copy of the current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. The Deputy Clerk shall also send Petitioner blank copies of the forms required when filing a Civil Rights action by a person in custody, pursuant to 42 U.S.C. § 1983, as well as a request to proceed *in forma pauperis* for both types of actions.

**IT IS SO ORDERED.**

cc:  All Parties of Record

Initials of deputy clerk   jh-relief