O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LESLIE, | ) Case No. CV 13-1418-DMG (OP) |
| Petitioner, | ) |
| v. | ) MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO RULE 4 |
| BARACK OBAMA, U.S. President, | ) |
| Respondent. | ) |

## I.

## **INTRODUCTION**

On February 27, 2013, Deshawn Leslie ("Petitioner") filed a request for a sixty-day extension of time to file a petition, which the Court construed as a request for additional time to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 4.) On March 7, 2013, the Court granted Petitioner until April 4, 2012, to file a § 2254 petition. (ECF No. 4.) The Court admonished Petitioner that his "failure to do so shall result in the Court recommending that this action be dismissed and/or administratively closed for failure to prosecute and/or failure to comply with a court order." (Id.)

On March 22, 2013, Petitioner filed a "Petition for Independence and American Sovereignty" in which he seeks to form his own nation, "the new 197th Nation, The United Independence of Sovereignty Nation." (ECF No. 7.) The Petition asks the Court to do the following: (1) issue a writ of habeas corpus; (2) declare that Petitioner is no longer a citizen and is his own nation; (3) declare that Petitioner has independence from the United States; (4) declare that Petitioner has American sovereignty; and (5) issue an order to have a treaty signed between the United States and the United Independence Sovereignty Nation. (Id. at 4-5.)

On March 26, 2013, the Court issued an Order to Show Cause ("OSC") as to why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. (ECF No. 5.) The Court found that the Petition did not seek to challenge a state court conviction, a state court sentence, or any other matter affecting the length of his state prison confinement. (Id. at 2.) The Court also found that the Petition did not seek relief from the conditions of confinement in order to construe it as a civil rights action and permit the action to proceed. (Id.) The Court gave Petitioner until April 26, 2013, to file a habeas corpus petition pursuant to 28 U.S.C. § 2254, or a civil rights complaint pursuant to 42 U.S.C. § 1983. (Id.) The Court admonished Petitioner that his "[f]ailure to comply with the[] requirements [of the OSC] may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed." (Id.)

On May 28, 2013, Petitioner filed a "Response to Order to Show Cause." (ECF No. 10.) In that response, Petitioner did not comply with the OSC to show cause why the Petition should not be dismissed. Petitioner also did not file either a habeas corpus petition pursuant to 28 U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983. He merely states that his Petition should not be dismissed because "judicial power shall extend to all cases," under the

Constitution. (Reply at 1.)

## III.

## **DISCUSSION**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4") allows a district court to summarily dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Accordingly, the habeas corpus petition is the proper action for State prisoners who challenge state court convictions, state court sentences, or other matters affecting the length of state prison confinement. See 28 U.S.C. §§ 2241, 2254. "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Burnett v. Lampert, 432 F. 3d 996, 999 (9th Cir. 2005). The Court need neither grant the writ nor order a return if it appears from the petition that the applicant is not entitled to relief. See 28 U.S.C. § 2243.

Because Petitioner did not comply with the Court's OSC, this Court finds that he has not demonstrated that he is challenging either the legality of his commitment or the conditions of his confinement. Thus, the Court finds that he is not entitled to habeas relief and his Petition must be dismissed.

///

///

///

///

3

## IV.
## **ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: October 17, 2013

DOLLY M. GEE
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge